UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLEN DAVID DANIEL,

                Petitioner,

v.                                                Case Number 08-12188
                                                Honorable Thomas L. Ludington

G. MCQUIGGIN,

                Respondent.

_____/

## ORDER DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE, DENYING REQUEST FOR AN ORDER TO SHOW CAUSE AS MOOT, AND DENYING REQUEST FOR THE WRIT OF QUO WARRANTO AS MOOT

Petitioner Allen David Daniel's pro se petition for a writ of habeas corpus [Dkt. # 1], pursuant to 28 U.S.C. § 2254, is presently before the Court. Petitioner, presently confined at Baraga Maximum Correctional Facility in Baraga, Michigan, was convicted for multiple felony offenses. He was sentenced to imprisonment for term not to exceed fifteen years. Petitioner alleges that he is incarcerated in violation of his constitutional rights. Petitioner, however, has not raised his claims in the Michigan Supreme Court. Thus, the habeas petition will be dismissed.

I

A Macomb County Circuit Court jury convicted Petitioner of second-degree home invasion, Mich. Comp. Laws § 750.110a(3), larceny in a building, Mich. Comp. Laws § 750.360, malicious destruction of a building, Mich. Comp. Laws § 750.380(3)(a), malicious destruction of personal property, Mich. Comp. Laws § 750.377a(1)(b)(i), aggravated stalking, Mich. Comp. Laws § 750.411i, and malicious use of service provided by a telecommunications service provider, Mich. Comp. Laws § 750.540e. On February 8, 2006, the trial court sentenced Petitioner to concurrent

terms of imprisonment as follows: eight years, three months to fifteen years for home invasion; two to four years for larceny; 180 days for malicious use of a telecommunications service; and two to five years for each of the other convictions. Petitioner appealed as of right, but the Michigan Court of Appeals affirmed his convictions. *See People v. Daniel*, No. 272073, 2008 WL 1829525 (Mich. Ct. App. Apr. 24, 2008) (unpublished). Petitioner alleges that his application for leave to appeal in the state supreme court is in progress.

Petitioner filed his habeas corpus petition on May 19, 2008. His claims are: (1) fraud upon the court and due process violations, (2) misconduct by the judge, prosecution, and chief witness, (3) double jeopardy, jury discrimination, judicial misconduct, jury and witness tampering, and (4) fraud upon the government, conflict of interest with counsel, prosecutorial misconduct, and obstruction of justice.

II

State prisoners are required to exhaust available state remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner raised a number of issues in the Michigan Court of Appeals, but the Court has found no record of an appeal to the Michigan Supreme Court. Petitioner states that his application for leave to appeal in the Michigan Supreme Court is "in progress." Habeas Pet. at 2 and 4.

Petitioner has not invoked a complete round of the State's established appellate review process, including a petition for discretionary review in the Michigan Supreme Court.

III

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

It is further **ORDERED** that Petitioner's request for an order to show cause regarding an alleged jurisdictional defect [Dkt. #5] and his request for the writ of quo warranto [Dkt. #6] are **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 30, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 30, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS